# In the United States Court of Federal Claims

No. 24-1276C
(Filed: November 19, 2024)

```
*************************************
                                    *
ALEXANDER BERNARD                   *
WILSON, JR.,                        *
                                    *
                Plaintiff,          *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff Alexander Bernard Wilson, Jr., appearing *pro se,* filed his Complaint on August 19, 2024, asserting a claim against the "Dep[artment] of Veterans Affairs" for "unreasonabl[e] delay i[n] processing [his] claim for Veterans Benefits." Compl. 1, ECF No. 1. Plaintiff's Complaint seeks damages in the amount of "two million dollars." *Id.*

In lieu of an answer, the Government moves the Court pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss Plaintiff's Complaint because Plaintiff fails to identify a money-mandating source of law that provides a right to recover money damages against the United States. Thus, the Government argues that Plaintiff's Complaint falls outside this Court's jurisdiction. Plaintiff's Response was filed on November 19, 2024.[1] ECF No. 15. For the reasons set forth below, the Government's Motion to Dismiss is **GRANTED.**

I. FACTS

---

[1] On November 14, 2024, the Government filed a notice informing the Court that it received mail correspondence from Plaintiff which appears to be a formal response to the Government's answer. ECF No. 13. The Government attached Plaintiff's correspondence to its notice, ECF No. 13 at 6-17 (Exhibit A and Exhibit B), "in the event Mr. Wilson intended to submit his response to the Court." ECF No. 13 at 1. Plaintiff's Response was due on November 18, 2024, and Plaintiff did not file any other document with the Court. On November 19, 2024, the Court ordered that the document submitted to the Government be construed as Plaintiff's Response and directed the Clerk to file the document as Plaintiff's Response. ECF No. 14. Thus, Plaintiff's Response was filed by order of the Court on November 19, 2024. ECF No. 15.

Although very brief, Plaintiff's Complaint generally accuses the "Dep[artment] of Veterans Affairs of unreasonabl[e] delay i[n] processing [his] claim for Veterans Benefits." Compl. 1, ECF No. 1. Plaintiff's Complaint also references a "no[n] precedential disposition opinion or order from the Board of Veterans Appeals." Compl. 1, ECF No. 1. That opinion appears to be referenced in a mandamus petition before the Veterans Court brought by Mr. Wilson claiming, "the Board [of Veterans Appeals] has unreasonably delayed in adjudicating his claim." *Wilson v. McDonough*, No. 23-5354, 2023 WL 6057391 (Vet. App. Sept. 15, 2023), *appeal docketed*, No. 24-1568 (Fed. Cir. Mar. 14, 2024). That petition was dismissed by the Veterans Court and Plaintiff filed a notice of appeal with the Federal Circuit. *See id*.

## II.   STANDARD OF REVIEW

Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Once determining it lacks subject matter jurisdiction, however, the court must dismiss the action. Pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). A *pro se* plaintiff, however, is not excused or exempt from meeting the Court's jurisdictional requirements. *See Henke*, 60 F.3d at 799.

## III.   DISCUSSION

The Court agrees with the Government that Plaintiff's Complaint must be dismissed for lack of jurisdiction. Plaintiff's Complaint does not state a cause of action over which this Court might exercise jurisdiction. *See* 28 U.S.C. § 1491(a)(l); *see also James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (describing grounds for Tucker Act jurisdiction). Plaintiff's Complaint also does not identify any contract with an authorized agent of the United States that might require money be paid to Mr. Wilson upon its breach.

Beside generally accusing the "Dep[artment] of Veterans Affairs of unreasonabl[e] delay i[n] processing [his] claim for Veterans Benefits," Plaintiff offers no other relevant facts in support of his claim. Compl. 1, ECF No. 1. Plaintiff therefore does not meet his burden to establish this Court's jurisdiction, nor "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, Plaintiff cannot overcome any pleading deficiency because it is clear from the Complaint that Plaintiff cannot establish this Court's jurisdiction as the Court does not have subject-matter jurisdiction over claims for veterans' benefits. *Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005). Because the statutory scheme of the Veterans' Judicial Review Act ("VJRA") preempts this Court's Tucker Act jurisdiction, this Court does not have jurisdiction to hear Plaintiff's claim for unreasonable delay, and the Court must dismiss his complaint. *See* Pub. L. No. 100-687, 102 Stat. 4105. "Congress created an elaborate, special remedial scheme to handle claims regarding veterans['] benefits." *Prestridge v. United States*,

611 F. App'x 979, 982 (Fed. Cir. 2015).  The VJRA states:

> The Secretary [of the Department of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511. "[C]ourts have construed § 511(a) . . . to preclude judicial review of decisions on veterans' benefits" outside the specific statutory scheme prescribing the avenue of review. *Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005); *see also Kalick v. United States*, 541 F. App'x. 1000, 1001 (Fed. Cir. 2013) ("Title 38 establishes an exclusive remedial procedure for review of VA disability benefits decisions.  In light of that detailed statutory scheme, Mr. Kalick must seek review of his claim through the VJRA's procedures . . ."). "That scheme displaces the Tucker Act to whatever extent the Tucker Act might otherwise have applied to [a veteran's] claims to statutory benefits." *Prestridge*, 611 F. App'x at 982–83.

Mr. Wilson alleges unreasonable delay by the Department of Veterans Affairs in processing his benefits.  Compl. 1, ECF No. 1.  Resolving Mr. Wilson's claim on the merits would require a determination on whether the VA acted properly in handling his request for benefits.  38 U.S.C. § 511, however, bars this Court from making that determination.  *See El Malik v. United States*, 800 F. App'x 560, 561 (9th Cir. 2020).  Instead, he must pursue his claim through the VJRA's statutory review process because claims of unreasonable delay related to veterans' benefits are adjudicated through the VJRA's procedures.[2]  *See, e.g., Duncan v. Wilkie*, 842 F. App'x 609 (Fed. Cir. 2021) (remanding to the United States Court of Appeals for Veterans Claims to reconsider "unreasonable delay" in VA's benefits determination).[3]

### IV.    CONCLUSION

Because Plaintiff fails to allege any source of law that mandates the payment for his claim of unreasonable delay by the Department of Veterans Affairs in processing his benefits, the Court **GRANTS** the Government's Motion to Dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.  The Clerk is directed to enter judgment accordingly.

---

[2] Although Plaintiff's Response includes information regarding the claim he brought before the United States Court of Appeals for Veterans Claims, this does not cure the deficiency of his pleading.  ECF No. 15 at 3-9.

[3] In fact, it appears from Plaintiff's Response that Mr. Wilson has already availed himself of the VJRA's procedures for his claim.  ECF No. 15 at 3-9.  It is therefore clear that the VJRA procedures are, and have been, available to Mr. Wilson to adjudicate his unreasonable delay claim regarding veterans' benefits.  Thus, Plaintiff cannot establish this Court's jurisdiction to do the same.

**IT IS SO ORDERED.**

s/ Edward J. Damich
EDWARD J. DAMICH
Senior Judge
